**Opinion issued May 18, 2017**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

## NO. 01-17-00194-CR

———————————

**SHAMEKA YVETTE MCCLAIN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 182nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1497354**

## MEMORANDUM OPINION

Appellant, Shameka Yvette McClain, pleaded guilty to the reduced class A misdemeanor offense of deadly conduct, with an agreed punishment recommendation of ten days in county jail and a $700 fine.[1] In exchange for

---

[1] *See* TEX. PENAL CODE ANN. § 22.05(a), (e) (West 1994).

appellant's plea, the State had agreed to reduce the charge from the second-degree felony offense of aggravated assault to class A misdemeanor deadly conduct.[2] In accordance with her plea bargain with the State, the trial court found appellant guilty and assessed her punishment at ten days' confinement in county jail and a $700 fine.[3] The trial court certified that this was a plea-bargain case and that appellant had no right of appeal, but appellant, through counsel, timely appealed. *See* TEX. R. APP. P. 25.2(a)(2), 26.2(a). We dismiss this appeal for want of jurisdiction.

In a plea-bargain case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 1977); TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d).

Here, the trial court's certification is included in the clerk's record and states that this is a plea-bargain case and that appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d); *Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). The record confirms that appellant pleaded guilty to the reduced class A misdemeanor deadly conduct charge and, thus, supports the trial court's

---

2       *See* TEX. PENAL CODE ANN. § 22.02(a)(2), (b) (West 2009).

3       *See* TEX. PENAL CODE ANN. § 12.21(3) (West 1994).

2

certification.  *See Dears*, 154 S.W.3d at 615; *Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003) (noting that agreement to plead guilty in exchange for State's reduction of charge is plea bargain under Rule 25.2(a)(2)).  Because appellant has no right of appeal, we must dismiss this appeal.  *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

Accordingly, we dismiss this appeal for want of jurisdiction.  *See* TEX. R. APP. P. 43.2(f).

**PER CURIAM**

Panel consists of Justices Higley, Bland, and Brown.

Do not publish.   TEX. R. APP. P. 47.2(b).